**HASBANI & LIGHT, P.C.**
Danielle Light, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel: (212) 643-6677
Email: dlight@hasbanilight.com
*Counsel for Plaintiff NDF1, LLC.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NDF1, LLC,                                                                                    Case No.:

                                    *Plaintiff,*                                                **COMPLAINT**

               -against -

HASSAN BARAKAT; LUFTI HAMDAN; NEW YORK CITY DEPARTMENT OF SANITATION; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

                                    *Defendants*.
------------------------------------------------------------------X

Plaintiff, NDF1, LLC ("NDF1" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

### NATURE OF THE ACTION

1.      This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq*., to foreclose on a mortgage encumbering the property commonly known as 612 49th Street, Brooklyn, New York 11220, Block: 785 Lot: 0011 in the County of Kings and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2. NDF1, LLC ("NDF1" or "Plaintiff") is a limited liability company organized under the laws of the State of Florida. For the purposes of diversity, NDF1 is a citizen of Florida because its members, Shawn Muneio and Martin Saenz, are both domiciled in the State of Florida.

3. Hassan Barakat ("Barakat") is a resident and citizen of the State of New York. Upon information and belief, Barakat has an address of 612 49th Street, Brooklyn, New York 11220. Barakat is a necessary party to this action because he is the obligor and mortgagor under the terms of the Note and Mortgage.

4. Lufti Hamdan ("Hamdan") is a resident and citizen of the State of New York. Upon information and belief, Hamdan has an address of 612 49th Street, Brooklyn, New York 11220. Hamdan is a necessary party to this action because he is the owner of the Property.

5. New York City Department of Sanitation ("DOS") is a governmental entity organized in the State of New York. DOS, upon information and belief, has an address of 125 Worth Street, New York, NY 10013. DOS is a necessary party to this action because it is a judgment creditor on the Property. A copy of the judgments recorded by DOS are attached hereto as **Exhibit B**.

6. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See,* RPAPL §§ 1311, 1312 and 1313.

7. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

**JURISDICTION AND VENUE**

8. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

**AS AND FOR A FIRST CAUSE OF ACTION**

10. On or about January 17, 2007, as evidence of a loan in the amount of $132,000.00 (the "Loan"), Barakat (the "Borrower") executed and delivered a note (the "Note") to First Magnus Financial Corporation (the "Original Lender"). Pursuant to the terms of the Note, Borrower promised to pay the Original Lender, or the subsequent holder of the Note, the principal sum of $132,000.00. A copy of the Note is attached as **Exhibit C**.

11. In order to collaterally secure the aforesaid Loan, Borrower, on the same day, duly executed, acknowledged, and delivered a mortgage to the Original Lender (the "Mortgage"). The Mortgage encumbers the Property. The Mortgage was recorded in the Office of the City Register of the City of New York on February 8, 2007, under CRFN: 2007000074373. A copy of the recorded Mortgage is attached as **Exhibit D**.

12. The Note was transferred directly to Plaintiff pursuant to a blank endorsement duly affixed to the Note and assigned to Plaintiff by physical transfer which Plaintiff has been in possession of prior to and on the day this Complaint is filed. *See,* **Exhibit C**.

13. Therefore, Plaintiff has standing to foreclose on the Mortgage by way of its possession of the Note endorsed in blank.

14. Additionally, the Mortgage was assigned to Plaintiff pursuant to a duly executed assignment of mortgage. A true and accurate copy of the full chain of mortgage assignments is attached hereto as **Exhibit E**.

15. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Original Lender or its successors or assigns possess the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Borrowers owe the Original Lender or its successor-in-interest which fees shall become part of the sums secured. *See,* **Exhibits C** and **D**.

16. Borrower defaulted under the terms of the Note and Mortgage by failing to pay the payment due on August 1, 2008 (the "Default").

17. On April 26, 2024, Plaintiff complied with the contractual provisions in the Note and Mortgage by mailing a 30-Day Notice (the "Default Notice") to the Borrower advising of possible acceleration of the Loan and the continuing default under the Loan if not cured.

18. On April 26, 2024, Plaintiff complied with the requirements of RPAPL § 1304 by mailing a statutory 90-Day Notice (the "90-Day Notice") to the Borrower by First-Class and Certified Mail, advising of possible legal action if the default under the Note and Mortgage together was not cured.

19. Pursuant to RPAPL § 1302 as amended, Plaintiff has timely complied with RPAPL § 1306, and the provisions of § 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking Law, except where it is exempt from doing so.

20. Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

21.  Under the terms and conditions of the Note and Mortgage, the unpaid principal balance under the Note and Mortgage is $131,111.04. Plaintiff is also entitled to collect all unpaid interest and fees due under the Note and Mortgage.

22.  During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

23.  The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

24.  No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

25.  Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order

5

and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in § 1371 of the RPAPL;

b) On all causes of action together with Plaintiff's costs and attorneys' fees,

c) and such other and further relief as this Court shall deem just and proper.

Dated: September 19, 2024
New York, New York

By: */s/ Danielle Light*
Danielle Light, Esq.
*Attorneys for Plaintiff*
450 Seventh Avenue, Ste 1408
New York, New York 10123
dlight@hasbanilight.com
Tel: 212.643.6677

6