UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NDF1, LLC,

                                         Plaintiff,

         - against -                                VERIFIED ANSWER

HASSAN BARAKAT; LUTFI HAMDAN; NEW YORK      Case No. 1:24-cv-06615
CITY DEPARTMENT OF SANITATION; JOHN DOE
AND JANE DOE, the last two names being fictitious,
said parties intended being tenants or occupants if any,
having or claiming an interest in, or lien upon, the
premises described in the complaint,

                                        Defendants.
-----------------------------------------------------------------------X

Defendants, HASSAN BARAKAT and LUTFI HAMDAN by their Attorneys, Diconza, Larocca, DiCunto & Kaplin, LLP, as and for his Verified Answer to the Complaint, alleges as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs, "1", "2", "3","5", "6", "7", "8", "9", "10", "11", "24", of the Complaint.

2. Denies each and every allegation set forth in paragraphs "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "25"of the Complaint.

3. Neither admits or denies the allegations set forth in paragraph "23" of the Complaint, but refers the Court to the particular document referenced to therein.

4. Admits the allegations set forth in paragraph "4" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. That the Plaintiff has failed to comply with Section 1303 of the Real Property Actions and Proceedings Law and this action should be dismissed.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6. That the Plaintiff has failed to comply with condition precedent to the commencement of a foreclosure action where Plaintiff failed to properly serve notice required by Section 1304 of the Real Property Actions and Proceedings Law and this cause of action should therefore be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

7. That the Plaintiff has failed to comply with Section 3408 of the Civil Practice Laws and Rules and this action should be dismissed.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8. Plaintiff failed to provide Defendant with Notice of Default and an opportunity to cure, as required by the Note, Mortgage and Forbearance Agreement.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9. The action is barred by the applicable Statute of Limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. Upon information and belief, the Plaintiff took assignment of the underlying mortgage for the purpose and with the intent to pursue the instant action, thereby violating New York State Judiciary Law §489(1) which prohibits champerty. Therefore, the instant case should be dismissed with prejudice.

11. Further, pursuant to §489(1) of the New York State Judiciary Law, the Plaintiff should be fined $5,000.00 for violating New York State's Champerty Statute.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

12. An action in foreclosure is equitable in nature and must be brought in good faith and with clean hands.

13. The instant Complaint fails to even allege Plaintiff's own good faith and clean hands, much less the good faith and clean hands of its purported assignor. Plaintiff knowingly bought an alleged "bad debt", not the "asset" of a performing loan. Therefore, Plaintiff has unclean hands and cannot use the mortgage to make good on a loan it knew was non-performing before taking the mortgage by assignments.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14. The Defendants original Lender modified both the First and Second Mortgage Loans under the HAMP loan modification program.

15. Under the HAMP program, when two mortgages were executed simultaneously, the modification of the First Mortgage included the modification of the Second Mortgage.

WHEREFORE, it is respectfully requested that the Complaint of the Plaintiff be dismissed together with such other, further and different relief as to this Court seems just and proper.

Dated: Brooklyn, New York
October 17, 2024

                                       Yours truly, etc.

                                       Richard A. Kaplin, Esq.
Diconza, Larocca, Dicunto & Kaplin, LLP
*Attorneys for Defendants HASSAN BARAKAT and LUTFI HAMDAN*
478 Bay Ridge Parkway
Brooklyn, New York 11209
(718) 238-6800

To: Shauna M. Deluca, Esq.
HASBANI & LIGHT, P.C.
*Attorneys for Plaintiff*
*NDF1, LLC*
450 Seventh Avenue, Suite 1408
New York, New York 10123
(212) 643-6677

UNITED STATES DISTRICT COURT )
: SS.
EASTERN DISTRICT OF NEW YORK )

LUTFI HAMDAN, being duly sworn deposes and says:

I am one of the Defendants in the within action; I have read the foregoing **Verified Answer** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true.

Dated: October 21, 2024

_____
LUTFI HAMDAN

Sworn to before me this
21st day of October, 2024

_____
Notary Public

MONICA ROTHSTEIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RO6055665
Qualified in Kings County
Commission Expires Feb. 26, 2027

Case No. 1:24-cv-06615
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NDF1, LLC,

                                                          Plaintiff,

- against -

HASSAN BARAKAT; LUTFI HAMDAN; NEW YORK
CITY DEPARTMENT OF SANITATION; JOHN DOE
AND JANE DOE, the last two names being fictitious,
said parties intended being tenants or occupants if any,
having or claiming an interest in, or lien upon, the
premises described in the complaint,

                                                          Defendants.

---

## VERIFIED ANSWER

**DICONZA, LAROCCA, DICUNTO & KAPLIN, LLP**
Attorneys for Defendant
**HASSAN BARAKAT; and LUTFI HAMDAN**
478 Bay Ridge Parkway
Brooklyn, New York 11209
(718) 238-6800